UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN S. WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No.  2:15-cv-1666-CKD<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act").  For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g).

I.   BACKGROUND

Plaintiff, born October 31, 1964, applied on March 22, 2010 for DIB, initially alleging disability beginning May 14, 2009, but subsequently amending that date to February 28, 2013. Administrative Transcript ("AT") 47-48, 115, 225-28.  Plaintiff alleged he was unable to work due to knee pain resulting from surgical complications and depression.  AT 254.  In a decision

////

dated November 18, 2011, the ALJ determined that plaintiff was not disabled.[1]  AT 116-37. However, the Appeals Council vacated this decision, and remanded plaintiff's claim to the ALJ for further proceedings because the ALJ's step five decision that plaintiff could perform other work given his assessed residual functional capacity ("RFC") was not supported by substantial evidence.  AT 138-42.  Accordingly, further administrative proceedings were held in this matter and, on February 24, 2014, the ALJ again determined that plaintiff was not disabled.  AT 24-39.

/////

/////

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

   The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

In support of his second non-disability determination, the ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2013.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of February 28, 2013 through his date last insured of December 31, 2013.
>
> 3. Through the date last insured, the claimant had the following severe impairments: right knee derangement, obesity, left patellofemoral syndrome, right shoulder instability, and depression.
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant can briefly change positions at his work station and is able to perform simple, unskilled work.
>
> 6. Through the date last insured, the claimant was unable to perform any past relevant work.
>
> 7. The claimant was born on October 31, 1964 and was 49 years old, which is defined as a younger individual age 18-44 [*sic*], on the date last insured. The claimant subsequently changed age category to a younger individual age 45-49.
>
> 8. The claimant has at least a high school education and is able to communicate in English.
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills.
>
> 10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.
>
> 11. The claimant was not under a disability, as defined in the Social Security Act, at any time from February 28, 2013, the alleged onset date, through December 31, 2013, the date last insured.

AT 26-38.

## II. ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) improperly found plaintiff not disabled at step five based on an inadequately-supported determination that plaintiff could perform the representative occupations of information clerk, general office clerk, and hand packer; (2) improperly found plaintiff's testimony regarding the extent of his pain and symptoms to be less than fully credible.

## III. LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////

## IV. ANALYSIS

### A. *The ALJ Committed Prejudicial Error at Step Five in Determining that Plaintiff Could Perform the Representative Occupations of Information Clerk, General Office Clerk, and Hand Packer*

First, plaintiff argues that the ALJ erred at step five of the analysis by erroneously relying on the vocational expert's ("VE") testimony to determine that plaintiff's RFC allowed for him to perform the occupations of information clerk, general office clerk, and hand packer. More specifically, plaintiff contends that the ALJ improperly failed to reconcile the apparent conflict between the VE's testimony that plaintiff could perform work as an information clerk or general office clerk given his limitation to only "simple, unskilled work," and the Dictionary Occupational Titles' ("DOT")[2] definitions for those occupations, both of which require Level 3 Reasoning.[3] Plaintiff asserts further that the ALJ mischaracterized the VE's testimony to determine that plaintiff could also work as a hand packer, a job defined in the DOT as "light work," even though the ALJ's RFC determination limited plaintiff to only sedentary work with additional limitations.

In support of his argument regarding the ALJ's determination that plaintiff could perform work as an information clerk or general office clerk, plaintiff cites to the Ninth Circuit Court of Appeals' ruling in Zavalin v. Colvin, 778 F.3d 842 (9th Cir. 2015), which held "that there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." Id. at 847. When there exists such an apparent conflict

---

[2] The United States Dept. of Labor, Employment & Training Admin., Dictionary of Occupational Titles (4th ed. 1991), ("DOT") is routinely relied on by the Social Security Administration "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). The DOT classifies jobs by their exertional and skill requirements. The DOT is a primary source of reliable job information for the Commissioner. 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1).

[3] The DOT breaks jobs into six GED Reasoning Levels that range from Level 1 (simplest) to Level 6 (most complex). DOT (4th ed. 1991), App. C, § III, 1991 WL 688702. Level 3 reasoning requires a worker to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and d]eal with problems involving several concrete variables in or from standardized situations."

1  between a VE's testimony that a claimant can perform an occupation involving DOT
2  requirements that appear more than the claimant can handle, "the ALJ is required to reconcile the
3  inconsistency." Id. at 846.  Here, the DOT codes for information clerk and general office clerk
4  show that such occupations require Leve 3 Reasoning skills, DICOT 237.367-046, 249.587-018,
5  which are in apparent conflict with the VE's testimony that plaintiff could perform those
6  occupations despite his limitation to simple, unskilled work under the Ninth Circuit Court of
7  Appeals' ruling in Zavalin.  Given such an apparent conflict, the ALJ was required to reconcile
8  the VE's testimony with the DOT's requirements for these occupations.  However, the ALJ never
9  made an affirmative effort at the hearing to question the VE as to whether there existed any
10 conflicts between the VE's testimony that plaintiff could perform work as an information clerk or
11 general office clerk and the DOT's definitions for those occupations and whether those conflicts
12 could be reconciled.  In light of the apparent conflict between DOT's level 3 reasoning
13 requirement for those jobs and plaintiff's limitation to "simple, unskilled work," the ALJ's failure
14 to make such an inquiry was in error.
15      In its cross-motion for summary judgment, defendant appears to acknowledge that
16 plaintiff's limitation to "simple, unskilled work" conflicts with jobs requiring Level 3 Reasoning
17 and that the ALJ was obligated to reconcile that conflict before relying on the VE's testimony
18 under Zavalin.  Defendant asserts, however, that the evidence in the record regarding plaintiff's
19 educational and vocational background makes this case distinguishable from Zavalin.  Defendant
20 argues this is so because plaintiff's background renders any error the ALJ may have committed in
21 failing to reconcile the apparent conflict between the VE's testimony and the DOT's requirements
22 harmless because it is substantial evidence that plaintiff could perform work necessitating Level 3
23 Reasoning skills.  In support of this argument, defendant cites to a recent unpublished decision
24 out of this district that distinguished Zavalin and determined that the ALJ's error in failing to
25 reconcile the apparent conflict between the VE's testimony that the plaintiff could perform certain
26 occupations and the DOT's Level 3 Reasoning requirement for those occupations was harmless
27 because the plaintiff's educational and occupational history, and the fact that there was no
28 medical evidence that the plaintiff suffered from diminished cognitive or reasoning ability,

provided substantial evidence that the plaintiff could perform work requiring Level 3 Reasoning. Musser v. Colvin, 2015 WL 4460677 (E.D. Cal. July 21, 2015).  Defendant asserts that, similar to the plaintiff in Musser, plaintiff here has a high school degree, completed some college coursework, and had a prior occupation that the DOT defines as requiring Level 4 Reasoning.

However, unlike in Musser, there is evidence in the record here that plaintiff's impairments diminished his ability to engage in cognitive and reasoning tasks such that his educational and occupational history are not as probative of his reasoning ability during the relevant period as defendant suggests.  Indeed, several physicians in the record, including the sole physician who specifically examined plaintiff regarding his mental functioning, provided findings indicating that the pain and symptoms associated with plaintiff's physical impairments also impaired plaintiff's concentration and ability to carry out even simple tasks.[4]  AT 485, 499-500 (finding that plaintiff's "concentration capacity was surprisingly significantly impaired" and opining that plaintiff's ability to carry out even "simple and repetitive" tasks was "moderately impair[ed]"); 503, 520, 755 (stating that plaintiff "presented with severe disturbances of cognition, reactivity, and mood").  The existence of such evidence makes this case distinguishable from Musser, and further emphasizes the need for the ALJ to have questioned the VE regarding whether plaintiff's assessed cognitive limitation to simple work could be reconciled with the DOT's Level 3 Reasoning requirement for the occupations of information clerk and general office clerk.  The record here does not lend itself to a clear showing that plaintiff could still perform work at such a reasoning level despite his RFC limitations.  Accordingly, defendant's assertion that the ALJ's failure to reconcile the VE's testimony with the DOT was harmless error is without merit.

/////

/////

---

[4] The court also notes that the ALJ himself assigned the "greatest weight" to the opinions of these physicians, and specifically highlighted their findings regarding the impact plaintiff's impairments had on his ability to concentrate and perform even simple and repetitive tasks as being consistent with the record and with the limitations set forth in the ALJ's RFC determination.  AT 36.

1     Furthermore, plaintiff also argues that the ALJ improperly relied on the VE's testimony to
2 determine that plaintiff could also perform work as a hand packer, a contention that defendant in
3 no way addresses in her cross-motion for summary judgment. A review of the administrative
4 hearing transcript shows that plaintiff's assertion is meritorious.
5     The VE initially provided the occupation of hand packer in response to the ALJ's
6 questioning regarding a hypothetical person who had the ability to perform light work. AT 71-72.
7 The ALJ later asked whether a hypothetical person with the same limitations as those constituting
8 plaintiff's RFC could perform work as a hand packer, to which the VE responded:

> [T]here are hand packaging jobs at the sedentary level. I didn't choose those, because I think the sit/stand option, even as we've described it, would be more problematic. The person there would be able ordinarily to stand momentarily. But you've talked about some things that kind of exceed that. If you're standing momentarily . . . at the workstation and then resuming working in a seating position, I think that would be consistent with sedentary hand packaging jobs. But anything much beyond that, you're going to start interfering with productivity.

15 AT 79-80. Such equivocal testimony did not provide substantial support for the ALJ's
16 determination that plaintiff's RFC, which limited him to only sedentary work that afforded him
17 the ability to briefly change positions at will, permitted him to work as a hand packer.
18     In addition, the ALJ determined that plaintiff could perform the entire range of work as a
19 hand packer, citing to the DOT code for that occupation that the VE provided in response to the
20 ALJ's hypothetical regarding a person who could perform light work and the entire range of jobs
21 available under that occupational category. AT 38. Such a determination was in error given the
22 VE's testimony that there would exist fewer jobs in that occupation permitting a sedentary
23 limitation, even notwithstanding the additional limitation of a sit/stand option. AT 79-80.
24     Moreover, even assuming that the ALJ could rely on the VE's testimony to determine that
25 there existed hand packager jobs at the sedentary level with a sit/stand option that plaintiff could
26 perform, the VE never testified as to how many such jobs existed in the State and national
27 economies. Even at the level of light work, the VE testified that a sit/stand option would erode
28 the occupational base for hand packager jobs by about 25 percent, AT 74, thus strongly

suggesting that an additional restriction to sedentary work would erode the occupational base even more drastically. However, the ALJ never identified how much additional erosion would likely occur given such a restriction. Accordingly, even if VE's testimony could have provided substantial evidence for the ALJ's determination that plaintiff could work as a hand packager given his RFC limitations, there was no evidence in the record that such jobs existed in sufficient numbers to satisfy the ALJ's burden at step five.

In sum, the ALJ failed to satisfy his step five burden because his determination that plaintiff had the RFC to perform work as an information clerk, general office clerk, and hand packager was not supported by substantial evidence. Accordingly, the ALJ committed prejudicial error.

B. *The ALJ's Error Warrants Remand for Further Proceedings*

When the court finds that the ALJ committed prejudicial error, it has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Generally, if the court finds that the ALJ's decision was erroneous or not supported by substantial evidence, the court must follow the "ordinary remand rule," meaning that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). A remand for an award of benefits is inappropriate where the record has not been fully developed or there is a need to resolve conflicts, ambiguities, or other outstanding issues. Id. at 1101.

Here, the ALJ's error requires this matter to be remanded for further proceedings. As discussed above, the ALJ erred in relying on the VE's testimony at step five, both by failing to reconcile the VE's testimony that a person with plaintiff's RFC could perform the representative occupations of information clerk and general office clerk with the DOT's requirements for those occupations and by improperly relying on the VE's testimony regarding the occupation of hand packer to determine that there existed a significant number of jobs available within that occupation that plaintiff could perform given his RFC. Accordingly, further administrative proceedings are warranted to determine whether the VE's testimony can be reconciled with the DOT and for further VE testimony clarifying whether there exist any occupations in significant

numbers within the national economy that plaintiff could perform given his RFC.

On remand, the ALJ shall hold a further administrative hearing and obtain additional testimony from a VE. The additional VE testimony should address whether the VE's testimony from the November 8, 2013 hearing regarding the occupations of information clerk and general office clerk can be reconciled with the Level 3 Reasoning requirement for those occupations set forth in the DOT. Furthermore, it should address the number of hand packer jobs available in the national economy that can be performed at a sedentary level and with the sit/stand option outlined in plaintiff's RFC. Finally, the VE testimony should address what, if any, other occupations a person with plaintiff's RFC limitations would be able to perform. The ALJ may also obtain additional testimony from plaintiff, if the ALJ believes such testimony to be necessary. The ALJ is also free to develop the record in other ways, as needed.

Importantly, the court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period—provided that the ALJ's determination complies with applicable legal standards and is supported by substantial evidence in the record as a whole.

C. *Other Issues*

Plaintiff also argues that the ALJ erred by improperly discounting plaintiff's testimony regarding the extent of the symptoms and pain caused by his impairments. Because the court orders that this action be remanded for further administrative proceedings, and, in particular, for an additional administrative hearing, the ALJ will have an opportunity to obtain further testimony from plaintiff and reassess the credibility of plaintiff's prior testimony in light of the newly-developed evidence. Accordingly, the court declines to address plaintiff's argument regarding the ALJ's adverse credibility assessment at this time.

/////

/////

V.     CONCLUSION

For the reasons stated herein, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and for further findings addressing the deficiencies noted above.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is granted for purposes of further development of the record consistent with the court's directions set forth above;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is denied; and,

3. This matter is remanded for further proceedings consistent with this order.

Dated:  June 2, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11 wilson1666.ss